IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GEORGE HENRY BUNDRANT | § | |
| v. | § | CIVIL ACTION NO. 6:05cv108 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The petitioner George Bundrant, an inmate of the Texas Department of Criminal Justice, Institutional Division, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c).

Bundrant says that he pleaded guilty to the offense of sexual assault of a child on May 6, 2003, receiving a sentence of 20 years in prison. He took a direct appeal of this conviction, but his appeal was denied on June 17, 2003, and he did not seek discretionary review. Instead, Bundrant says, he filed a state habeas corpus petition on April 7, 2004, which was denied on December 1, 2004. His petition was signed on February 24, 2005.

In his petition, Bundrant states that he received ineffective assistance of counsel, his plea of guilty was not voluntary, the judge granted him limited appeal rights but then denied his appeal as well as his motion for new trial, he received an aggravated sentence even though this was not part of the plea agreement, and exculpatory evidence was not disclosed to him. The Respondent has been ordered to answer the petition and has done so. Bundrant has filed a response to the answer, arguing that the answer was four days late and should not be considered, and that he has contacted his former attorney about getting records and the court reporter about getting a transcript, but his attorney has not responded and the court reporter said that he would have to pay for a transcript because he does not have a case pending in that court.

1

Legal Standards and Analysis

I. Ineffective Assistance of Counsel

Bundrant says in his first point that he received ineffective assistance of counsel because his attorney, Brandon Baade, "was not working for him." He explains that Baade only spent 30 minutes to an hour going over his discovery packet with him and says that he was in the Wood County Jail for 10 months before Baade came and talked to him. He also says that all of the evidence was not in the copy of the discovery packet which Baade gave to him, but he does not indicate what was missing.

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief must show that his attorney's performance was deficient and that the deficiency prejudiced him to the point that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 678 (1984). This means that the habeas petitioner must establish both that (1) counsel's performance was deficient in that it fell below an objective standard of reasonable competence and (2) the deficient performance so prejudiced the defense that the outcome of the trial was unreliable and there is a reasonable probability that, but for counsel's performance, the result of the trial would have been different. Unless a petitioner makes both showings, he is not entitled to relief. Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988). The burden of proving ineffective assistance of counsel is on the petitioner. Hayes v. Maggio, 699 F.2d 198, 201 (5th Cir. 1983).

In addition, the petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 694; Jones v. Butler, 864 F.2d 348 (5th Cir. 1988), cert. denied 490 U.S. 1075 (1989). General statements and conclusory charges of ineffectiveness will not suffice. Green v. McGougan, 744 F.2d 1189, 1190 (5th Cir. 1984).

In the context of a guilty plea, the Supreme Court and the Fifth Circuit have held that the defendant must show that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v.

2

<u>Lockhart</u>, 474 U.S. 52 (1986); <u>Joseph v. Butler</u>, 838 F.2d 786, 791 (5th Cir. 1988).  Mere allegations from a petitioner that he would have demanded a trial if counsel's advice had been different are insufficient to establish a reasonable probability that he would have actually done so.  <u>Joseph</u>, 838 F.2d at 791; <u>Wolfe v. Puckett</u>, 780 F.Supp. 408, 416 (N.D. Miss. 1991).  Furthermore, the prejudice prong of the ineffectiveness test means that even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.  <u>DeVille v. Whitley</u>, 21 F.2d 654, 659 (5th Cir. 1994).

In addition, the Fifth Circuit has stated that once a guilty plea has been entered, all non-jurisdictional defects in the proceedings are waived.  This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea.  <u>Smith v. Estelle</u>, 711 F.2d 677, 682 (5th Cir. 1983).

In this case, Bundrant offers nothing to show that but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial.  Nor has he shown that the alleged ineffectiveness by his counsel relates to the giving of his guilty plea.  Although Bundrant complains about the amount of time which Baade spent with him, the Fifth Circuit has held that brevity of consultation time cannot by itself support a claim of ineffective assistance of counsel.  <u>Schwander v. Blackburn</u>, 750 F.2d 494, 500 (5th Cir. 1985); <u>Murray v. Maggio</u>, 736 F.2d 279, 282 (5th Cir. 1984).  Nor has Bundrant shown what evidence was not in the discovery packet, nor how this affected his decision to plead guilty.  His first ground for relief is without merit.

<u>II. Involuntary Guilty Plea</u>

In his second ground for relief, Bundrant says that he told Baade that he did not want to plead guilty because he was not guilty, but Baade told him that if he did not plead guilty, he would not get the plea bargain being offered.  Plus, he says, he was denied the opportunity to take a polygraph test.

The Fifth Circuit has held that in order to rise to a due process violation actionable in a collateral attack upon a conviction, an error made during the guilty plea proceedings must make the plea unknowing or involuntary.  <u>Micheaux v. Collins</u>, 911 F.2d 1083, 1089 (5th Cir. 1990).  If a

defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review.  DeVille v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994).

In this case, Bundrant does not show nor even allege that his plea of guilty was unknowing or involuntary.  The fact that he was told that if he refused to plead guilty, he could not take advantage of the plea bargain, does not show that the plea of guilty which Bundrant entered was involuntary; The Fifth Circuit has held that the threat of a lengthier sentence is not proof that the plea of guilty was coerced.  Jones v. Estelle, 584 F.2d 687, 690 (5th Cir. 1978), *citing* North Carolina v. Alford, 400 U.S. 25 (1970).

The docket of the trial court reflects that Bundrant was fully admonished as to the consequences of his plea and advised of the range of punishment.  The judgment of conviction observes that it appeared to the Court that Bundrant was competent to stand trial and that he was not influenced by any consideration of fear or persuasion prompting a confession of guilty.  As a general rule, official records are entitled to a presumption of regularity in habeas corpus proceedings.  Webster v. Estelle, 505 F.2d 926, 929-30 (5th Cir. 1974).  Bundrant has offered nothing to overcome the presumption that these records are accurate.

It should be noted that the Fifth Circuit has held that a guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense.  Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991), *citing* North Carolina v. Alford, 400 U.S. 25, 32 (1970).  As a general rule, therefore, a defendant may not collaterally attack a voluntary and intelligent plea; such a plea does not become vulnerable to habeas corpus review simply because later judicial decisions indicate that the plea rested on a faulty premise or that the legal and factual evaluations of the defendant's counsel were incorrect.  Taylor, 933 F.2d at 327, *citing* Mabry v. Johnson, 467 U.S. 504, 508 (1984) *and* Brady v. United States, 397 U.S. 742, 757 (1970).  Bundrant has failed to show that his plea of guilty was involuntary and so his claim on this point is without merit.

4

In an affidavit attached to his motion for new trial, included in the state court records, Bundrant says that Baade came to see him in the jail for five minutes on two occasions, but did not discuss Bundrant's case until May 1, 2003, at which time he told Bundrant that he had a jury trial set on May 6.   Bundrant says that Baade stayed for about thirty minutes, and that he did not see Baade again until the day of trial.

On the day of trial, Bundrant says in the affidavit, he asked Baade about his chances, and Baade said that Bundrant had a "zero" chance of being found not guilty by the jury, and that he, Baade, believed that Bundrant was guilty.   He says that Baade told him to take the deal because that was the best he was going to get. Bundrant says that he felt like "he did not have a lawyer at all" and that if he went to trial with Baade, he would get a life sentence.   Bundrant says that he was "scared to death" so he took the 20-year offer and entered his plea of guilty.   After he entered the guilty plea, Bundrant says, Baade gave him DNA test results that excluded his DNA from the crime scene. This affidavit contains a note at the bottom, in Bundrant's handwriting, saying that his motion for new trial was denied because the judge said that one hour was adequate time to prepare.   The docket sheet shows that a hearing was held on the motion for new trial and that an order was entered to pay an individual named Dr. Allen following the hearing.

As noted above, the threat of a lengthier sentence is not proof that the plea of guilty was coerced.   Jones v. Estelle, 584 F.2d at 690.   Nor does the brevity of consultation time show that Bundrant received ineffective assistance of counsel or that his plea of guilty was coerced. Schwander v. Blackburn, 750 F.2d at 500.   Bundrant's reference to a DNA test which allegedly proved his innocence lacks any support in the record; he does not furnish copies of the results in either his federal or his state petition.   The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2

(5th Cir. 1983); *see* <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990).  Hence, his claim on this point is without merit.

Bundrant also argues that he was not allowed to take a polygraph test.  The Respondent says that this claim is procedurally defaulted because Bundrant did not raise it in the state courts.  A review of Bundrant's state habeas petition shows that the Respondent is correct.

The Fifth Circuit has held that if a petitioner fails to exhaust state remedies, but the court to which the petitioner would be required to meet the exhaustion requirement would now find the claims procedurally barred, there has been a procedural default for purposes of federal habeas corpus relief.  <u>Sones v. Hargett</u>, 61 F.3d 410, 416 (5th Cir. 1995), *citing* <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991).

In this case, Bundrant filed a state habeas petition, which was considered on the merits and denied.  Since 1994, the Texas courts have strictly applied the doctrine of abuse of the writ, and so this doctrine is recognized as a valid procedural bar for purposes of federal habeas corpus.  <u>Ex Parte Barber</u>, 879 S.W.2d 889, 891 n.1 (Tex.Crim.App. 1994) (*en banc*) (plurality opinion); <u>Fearance v. Scott</u>, 56 F.3d 633, 642 (5th Cir. 1995).  Bundrant offers nothing, nor does there appear any evidence in the record, requiring a conclusion that a second state habeas petition, raising the issue of the polygraph exam, would not be dismissed as an abuse of the writ.  Hence, his claim on this point is procedurally barred and must be dismissed.

In addition, there is no federal constitutional requirement that Bundrant receive a polygraph test.  Even if such a requirement existed under state law, federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure.  <u>Manning v. Warden, Louisiana State Penitentiary</u>, 786 F.2d 710, 711 (5th Cir. 1986).  Because Bundrant has not shown a constitutional violation in the denial of the polygraph test, his claim on this point lacks merit even were it not procedurally defaulted.

III. Denial of the Right to Appeal

Third, Bundrant complains that the trial judge granted him "limited appeal rights," but his attorney filed a notice of appeal, the judge denied the appeal. He says that the judge also denied a motion for new trial.

The state court records show that the trial court entered a certification specifying that the matter was a plea-bargain case and Bundrant had no right of appeal. Under Rule 25.2(a) of the Texas Rules of Appellate Procedure, Bundrant was entitled to appeal only those matters which were raised by written motion filed and ruled on before trial, or after receiving permission to appeal. After Bundrant filed his notice of appeal, the trial court certified that neither of these conditions existed, and Bundrant's appeal was dismissed for want of jurisdiction. Bundrant v. State, slip op. no. 06-03-00107-CR (Tex.App.-Texarkana, July 17, 2003) (unpublished).

Bundrant makes no showing that he was granted any appeal rights beyond those contained in Rule 25, Tex. R. App. P. As noted above, the Fifth Circuit has stated that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d at 1011-12 and n.2. To the extent that Bundrant claims that Judge Boswell certified an appeal for him, such a claim is unsupported and unsubstantiated by anything else in the record; in fact, the record specifically shows that the trial court certified that Bundrant was not allowed an appeal.

Nor has Bundrant shown any constitutional error in the fact that his motion for new trial was denied. He complained in his state habeas petition about the denial of his motion for new trial, but the Texas Court of Criminal Appeals denied his petition. In order to be granted a writ of habeas corpus in federal court, a petitioner must show that the state court's adjudication of his claim resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C.

7

§2254(d); *see* <u>Moore v. Cockrell</u>, 313 F.3d 880, 881 (5th Cir. 2002).  Bundrant has not shown that the state court's adjudication of his claim, either by the trial court in denying his motion for new trial or the Court of Criminal Appeals in denying his habeas corpus petition, were contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts.  His claim on this point is without merit.

IV. Illegal Sentence

In his fourth ground for relief, Bundrant says that he made a plea bargain for 20 years, and at no time was he told that this sentence would be aggravated; he says that had he told that this sentence would be aggravated, he would not have agreed to it.

The judgment of conviction does not reflect that Bundrant's sentence was aggravated, nor that an affirmative finding was made of use of a deadly weapon.  He is not serving an aggravated sentence and his claim on this point is without merit.

As the Respondent notes, Bundrant may believe that he is serving an aggravated sentence because he is not eligible for release on mandatory supervision.  This is because of the nature of his offense, not because his sentence was "aggravated." *See* Tex. Gov. Code art. 508.149(a)(6) (Vernon 2001) (providing that persons convicted of sexual assault of a child are not eligible for release on mandatory supervision).

The Fifth Circuit has held that a mistaken belief concerning parole eligibility does not render a guilty plea involuntary when the misunderstanding did not result from a promise by the court, prosecutor, or defense counsel.  <u>Spinelli v. Collins</u>, 992 F.2d 559, 561-62 (5th Cir. 1993).  Bundrant does not allege that he received any promises concerning eligibility for mandatory supervision.  The record shows that Bundrant knew the nature of the charges to which he was pleading guilty and that he was told of the range of punishment.  The Fifth Circuit has held that a defendant is informed of the consequences of his plea if he is apprised of the maximum sentence which he is facing).  <u>Hobbs v. Blackburn</u>, 752 F.2d 1079, 1082 (5th Cir. 1985).  Bundrant has failed to show that his plea of guilty was involuntary.  His claim on this point is without merit.

8

V. Failure to Disclose Favorable Evidence

Finally, Bundrant alleges that the district attorney and Baade said that they were waiting on DNA results to get back.  When these results came back, Bundrant says, they were faxed to the sheriff's department in January of 2003, and he got sentenced in May of 2003, so he says that they had the DNA results and "never let him know."  He says that he did not see the results until seven to 14 days after he was sentenced, and that the DNA reports said that he "is excluded as a contributor to the DNA from all of the questioned items."

This claim was not raised in Bundrant's state habeas corpus petition, which he signed on April 7, 2004.  For this reason, it is procedurally defaulted.  Sones v. Hargett, 61 F.3d at 416.

In addition, the requirement that the prosecution disclose exculpatory evidence is set forth in Brady v. Maryland, 373 U.S. 83 (1963).  However, the Fifth Circuit has indicated that Brady does not apply in guilty plea cases.  Orman v. Cain, 228 F.3d 616, 617 (5th Cir. 2000), citing Matthew v. Johnson, 201 F.3d 353, 358-60 (5th Cir. 2000).  This is because the purpose of Brady is to ensure a fair trial, a concern which is absent when the defendant waives trial and pleads guilty.  Orman, 228 F.3d at 617.  Bundrant's claim on this point is without merit even were it not procedurally defaulted.

Conclusion

As stated above, 28 U.S.C. §2254(d) provides that in order to be granted a writ of habeas corpus in federal court, a petitioner must show that the state court's adjudication of his claim resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Moore v. Cockrell, 313 F.3d at 881.  Bundrant has wholly failed to make such a showing.

The Court has carefully examined the grounds for habeas corpus relief presented by the petitioner George Bundrant, as well as the answer filed by the respondent, the petitioner's response thereto, and the state court records.  Upon such examination, the Court has concluded that the petitioner George Bundrant has failed to show that he is entitled to the issuance of a writ of habeas

corpus or to the relief sought in his application for such writ.  Absent a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States, the relief sought cannot be granted.  28 U.S.C. §2241(c)(3).  It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **September, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE